UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASANCE DOUGLAS, | No. 2:23-cv-00985-CKD P |
| Plaintiff, | |
| v. | ORDER |
| DEEPTHI SURINENI, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.       Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Having conducted the required screening with respect to plaintiff's first amended complaint (ECF No. 10), the court finds that plaintiff may proceed on the Eighth Amendment deliberate indifference claim against defendant Surineni based on the reduction and then

elimination of plaintiff's pain medication beginning on January 23, 2023 through February 23, 2023.  With respect to the other claims against defendant Surineni, the allegations do not amount to claims upon which plaintiff may proceed.  Defendant's refusal to provide plaintiff additional pain medication on January 12, 2022, May 20, 2022, and September 16, 2022 amounts to a difference of opinion that does not rise to the level of an Eighth Amendment claim of deliberate indifference.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  The retaliation claim against defendant Surineni does not allege a claim that may proceed at this point because plaintiff does not allege that his First Amendment rights were actually chilled as a result of defendant's conduct.

At this point, plaintiff has two options:  1) proceed immediately on the Eighth Amendment deliberate indifference claim identified above; or 2) attempt to cure the deficiencies with the remaining claims by filing a second amended complaint.  If plaintiff elects to proceed on the claim found cognizable in this screening order, the court will construe plaintiff's election as consent to voluntarily dismiss the remaining claims against defendant Surineni pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**II.     Legal Standards**

The court provides plaintiff with the following legal standards governing his potential claims for relief in deciding whether to file a second amended complaint.

**A.  First Amendment Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  A prison transfer may also constitute an adverse action.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate

grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### B. Eighth Amendment Deliberate Indifference

Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id.

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

"Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096.

A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see

McGuckin, 974 F.2d at 1060.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to: 1) proceed on the Eighth Amendment deliberate indifference claim identified in this order; or, 2) file an amended complaint in an attempt to cure the deficiencies with the remaining claims.

2. If plaintiff elects to proceed on the claim found cognizable in this screening order, the court will construe plaintiff's election as consent to voluntarily dismiss the remaining claims against defendant Surineni pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. If plaintiff fails to return the attached Notice of Election form, the court will construe this as consent to proceed on the Eighth Amendment cognizable claim described in this order and will recommend dismissing the remaining claims without prejudice.

Dated:  December 22, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/doug0985.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASANCE DOUGLAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEEPTHI SURINENI, et al.,<br><br>　　　　　Defendants. | No.  2:23-CV-00985-CKD<br><br><br>NOTICE OF ELECTION |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claim against defendant Surineni.  Plaintiff consents to voluntarily dismiss the remaining claims against defendant Surineni pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

　　**OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff's Signature

5